IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRENT E. BROZEK,

                                                                        OPINION AND ORDER

                   Plaintiff,

                                                                       13-cv-43-bbc

     v.

MIKE DENTICE,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Brent Brozek has submitted a proposed complaint under 42 U.S.C. § 1983, alleging that his lease agreement to drive a cab was terminated by defendant Mike Dentice. Plaintiff has been allowed to proceed without prepayment of the filing fee.

      The next step in the case is to screen the complaint under 28 U.S.C. § 1915 to determine whether any portion is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. Plaintiff is a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). After examining plaintiff's complaint, I conclude that plaintiff's complaint must be dismissed under Fed. R. Civ. P. 8 because it does not appear to contain any claims over which this court has jurisdiction.

      In his complaint, plaintiff alleges the following facts.

1

ALLEGATIONS OF FACT

On January 15, 2013, plaintiff Brent Brozek was driving a leased cab from Badger Cab. Plaintiff picked up a customer, who started a verbal fight with plaintiff. Plaintiff offered to drop her off at the next corner. Plaintiff told the customer that the fare was $7 After arguing about the fare, the customer paid the $7 but would not exit the cab and said that she would call the police. After more argument, the customer called the police. Two officers arrived and questioned plaintiff and the customer. Plaintiff was allowed to go on his way.

The customer called plaintiff's employer, Mike Dentice, the office manager. Dentice told plaintiff that he was off the schedule for the rest of the week. After plaintiff complained, Dentice told him that his cab lease was terminated.

OPINION

Federal district courts are courts of limited jurisdiction. U.S. Const. art. III, § 2. This court has subject matter jurisdiction only over actions concerning federal questions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and in cases in which there is diversity of citizenship, 28 U.S.C. § 1332. The facts that plaintiff alleges do not raise claims qualifying under either of these standards. Nothing he has included in his complaint suggests that defendant has violated federal law or that the parties are citizens of different states and that he has suffered more than $75,000 in damages.

Although it seems unlikely from plaintiff's allegations that he intends to bring either

a federal question or diversity claim in this court, I will give him a chance to amend his complaint to include allegations demonstrating that he intends to bring a claim over which this court has jurisdiction.  Fed. R. Civ. P. 8.  (Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief").  If plaintiff does not submit an amended complaint by the deadline set forth below, the case will be dismissed.

ORDER

IT IS ORDERED that plaintiff Brent Brozek's complaint is DISMISSED under Fed. R. Civ. P. 8.  He may have until April 19, 2013 to submit an amended complaint containing allegations demonstrating that he intends to bring a claim over which this court has jurisdiction, that is one that arises under a federal law or the Constitution or one that is between two persons who are citizens of different states from each other and involves more than $75,000.

Entered this 29th day of March, 2013.

BY THE COURT:  
/s/  
BARBARA B. CRABB  
District Judge