IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRENT E. BROZEK,

                                          OPINION AND ORDER

              Plaintiff,

                                            13-cv-43-bbc

     v.

MIKE DENTICE,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff Brent Brozek submitted a proposed complaint under 42 U.S.C. § 1983, alleging that his lease agreement to drive a cab was terminated by defendant Mike Dentice. In a March 29, 2013 order, I dismissed the complaint under Fed. R. Civ. P. 8 because nothing in his allegations suggested that plaintiff was bringing claims that belonged in federal court. I gave him a chance to amend his complaint to include allegations demonstrating that he intended to bring a claim over which this court has jurisdiction. Since then, the court has become aware of plaintiff's death. Madison.com,http://host.madison.com/news/local/crime_and_courts/update-police-id-man-fatally-shot-after-standoff/article_7b1036f4-5b2d-5584-b0c4-32b1458edc70.html (last visited May 28, 2013).

Under Rule 25(a)(1) of the Federal Rules of Civil Procedure, when a party dies, the court may order the substitution of the proper party, ordinarily the personal representative

1

of the deceased party, if "the claim is not extinguished." The motion for substitution must be filed within 90 days "after service of a statement noting the death." Id.  However, in the present case, there are no valid claims in which a successor could proceed and there is no defendant to serve a statement of death because no defendants have yet been served with a complaint).

Plaintiff's proposed amended complaint, submitted in response to the court's March 29, 2013, vastly expands the scope of the case to include a prior employer as well as parties involved in his 2009 civil commitment, but none of his allegations are sufficient to state a claim upon which relief could be granted in this court.  In addition, it is extremely unlikely that he would have been allowed to bring claims against the different groups of defendants named in his amended complaint because they appear to be part of unrelated incidents.  If plaintiff was still alive, I would have dismissed his amended complaint under Fed. R. Civ. P. 8 and 20 and directed him to file a new amended complaint limited to one set of incidents and more fully detailing his claims regarding that set.  Because plaintiff has died and neither of his complaints contained allegations stating valid claims upon which relief may be granted, I will dismiss the lawsuit.

ORDER

IT IS ORDERED that this case is DISMISSED for failure to state a claim upon which

relief may be granted.

 Entered this 28th day of May, 2013.

            BY THE COURT:
            /s/
            BARBARA B. CRABB
            District Judge